# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1588V
Filed: April 11, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
EVELYN BELL,                          *
                                      *
              Petitioner,             *   Ruling on Entitlement; Concession;
                                      *   Influenza ("Flu") Vaccine; Left Brachial
       v.                             *   Plexopathy/Neuritis; Shoulder Injury
SECRETARY OF HEALTH                   *   Related to Vaccine Administration
AND HUMAN SERVICES,                   *   ("SIRVA"); Special Processing Unit
                                      *   ("SPU")
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On December 30, 2015, Evelyn Bell ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from left brachial plexopathy as a result of an influenza ("flu") vaccine she received on September 19, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 11, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent states that petitioner is entitled to a presumption of causation because of petitioner's left-sided brachial neuritis manifested between two

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

and twenty-eight days after her receipt of the flu[3] vaccine, and there is not preponderant evidence that her condition was due to a factor unrelated to the vaccine.  *Id.* at 4.  Respondent further agrees that petitioner's brachial neuritis and its sequela persisted for more than six months after the administration of the vaccine, and thus, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act.  *Id.* at 4-5.

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] The Rule 4(c) report references a Tdap vaccine in error.