# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-1588V
### Filed: August 3, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| EVELYN BELL, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' Fees and Costs;
Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*


## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 30, 2015, Evelyn Bell ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered from left brachial plexopathy as a result of an influenza ("flu") vaccine she received on September 19, 2014. On July 6, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 21).

On July 11, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 25). Petitioner requests attorneys' fees in the amount of $21,549.50, and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $1,435.53, for a total amount of $22,985.03.  *Id.* at 2.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On July 18, 2016, respondent filed a response to petitioner's motion.  (ECF No. 26).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000  to $15,000" citing a number of SIRVA cases.  *Id.* at 3.

On the same day, July 18, 2016, petitioner filed a reply.  (ECF No. 27).  Petitioner argues that respondent's response "contains nothing more than a recitation of the basic case law pertaining to fees and costs" and that none of the cases cited as "similarly-postured SIRVA" cases were from Anapol Weiss.  *Id.* at 2-3.  Petitioner includes a list of 11 cases where attorneys' fees and costs were awarded to petitioner's counsel in SIRVA cases since 2013.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable.

Petitioner requests additional attorneys' fees in the amount of $725.00, (2.5 hours of time)[3] for preparing the reply.  *Id.* at 7 n.1.  However, petitioner states in footnote 1 of her reply that "[s]ince this is the first time that Petitioner's counsel has been required to file a motion with the Court and engage in motion practice for fees and costs, additional attorneys fees in the amount of $725.00 for Attorney David Carney's review and drafting of various motions are reasonable and necessary."  *Id.* at 4.  However, this statement is inaccurate.  Petitioner's counsel has filed a number of motions for attorneys' fees and costs in the past few months similar to the motion filed in this case.  Thus, the undersigned reduces the amount requested for the preparation of the reply brief to 1.5 hours, or $435.00.[4]  Thus, the total amount awarded for attorneys' fees and costs is **$23,420.03**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] Petitioner billed an additional 2.5 hours of time at Attorney David J. Carney's rate of $290 x 2.5 hours for preparation of the reply brief.

[4] The undersigned may reduce the attorneys' fees sought for additional filings of a similar reply in other cases.

      **Accordingly, the undersigned awards the total of $23,420.03,[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Lawrence R. Cohan.**

      The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.